# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| CINDY DAVISON, as Administrator of the Estate of Randall Davison, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CV616-039 |
| STEPHEN NICOLOU, P.A., and SERGEANT DEDRICK ANTHONY | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Plaintiff moves this Court to reconsider its June 20, 2016, discovery-stay Order. Doc. 26. Defendants oppose. Doc. 27.

## I. BACKGROUND

On behalf of Randall Davison's estate, Cindy Davison (his sister) brings this 42 U.S.C. § 1983 action against defendants Stephen Nicolou, P.A., and Sergeant Dedrick Anthony, alleging that they were deliberately indifferent to Randall's serious medical needs while he was incarcerated at the prison where they worked. Doc. 14. Consequently, Randall died one month before his scheduled release. *Id.* at 3 ¶ 7. He "was one of ten men who died while in that prison's custody, between May 2014 and

February 2015." *Id.* ¶ 8.

The Court has been citing to Cindy's Amended Complaint. She originally sued only Nicolou and another, since-dismissed defendant. Docs. 1, 21 & 22. Nicolou moved to dismiss that original Complaint on qualified immunity grounds.[1] Doc. 12. He also moved to stay discovery, doc. 13, to which Cindy consented. Doc. 17. Her Amended Complaint adds defendant Anthony plus reinforcing, "deliberate indifference" allegations. Doc. 14. In light of those changes, Nicolou moved to modify

---

[1] As was recently explained:

> "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal citation omitted). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, __ U.S. __, 132 S. Ct. 1235, 1244-45 (2012) (citations and internal quotations omitted). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Id.* at 1245 (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)).

*Salter v. Booker*, 2016 WL 3645196 at * 7 (S.D. Ala. June 29, 2016). "The salient question is whether, looking to the decisions of the Supreme Court, the Eleventh Circuit, and the Georgia Supreme Court, the state of the law [at the time of the Randall's illness and death] gave [these defendants] fair warning that their conduct was unlawful." *Bowen v. Warden Baldwin State Prison*, __ F.3d __, 2016 WL 3435501 at * 8 (11th Cir. June 22, 2016) (quotes and cite omitted).

Local Rule 26.1's[2] time constraints -- basically, stay discovery. Doc. 23.

While Anthony has neither been served nor appeared in this case, Nicolou's attorneys indicate that they will be representing him, too. Doc. 13-1 at 3-4. By Court Order, both defendants have until August 1, 2016, to answer or move to dismiss. Doc. 23 at 2; *see also* docs. 18 & 19. After Cindy amended her Complaint, the defendants renewed their stay motion -- to which Cindy did *not* consent, doc. 23 at 3 -- and thus freeze the parties' Rule 26 deadlines (hence, discovery) until after the district judge rules on Nicolou's forthcoming, renewed dismissal motion. *Id.* at 3.

Without waiting for Cindy's response, the Court granted that motion. Doc. 25. Cindy now moves for reconsideration, contending that the Court should have awaited her response, her amended complaint neutralized the still-pending dismissal motion (doc. 12), and that medical needs (she is ill, and a material witness has terminal cancer) warrant

---

[2] In pertinent part Local Rule 26.1 requires that:

(a) The parties shall confer by the earlier of 60 days after any defendant has been served with the complaint or 45 days after any defendant has appeared.

(b) Within 14 days after the required conference pursuant to Fed. R. Civ. P. 26(f), the parties shall submit to the Court a written report outlining their proposed discovery plan. This report shall conform to the language and format of the standard form included in the Appendix of Forms to these rules (and furnished by the Clerk to the plaintiff upon the filing of the complaint).

L.R. 26.1(a) & (b); *see also* doc. 4 (General Order reiterating those deadlines).

continued discovery. Doc. 26.

## II. ANALYSIS

The Court agrees with Cindy; it should have awaited her stay-motion response. Nevertheless, defendants insist, no reconsideration is warranted because no Answer has been filed and discovery does not otherwise commence until that happens. Doc. 27. And, they further contend, all that is being stayed here is the parties' Rule 26 initial conference and reporting obligations. *Id.* Stays, they remind, are encouraged when case-dispositive dismissal motions are filed, especially immunity defenses designed to shield defendants from litigation costs outright. *Id.* Defendants represent that they will be filing a qualified- immunity-based dismissal motion soon. *Id.* They also challenge Cindy's health claim, noting her failure to sufficiently specify the illnesses to which she adverts. Too, preservation depositions -- rather than full discovery -- are always an option. *Id.* at 1-3.

The Court again agrees with Cindy. As she notes in her reply brief, doc. 29, there is still no pending motion to dismiss. Furthermore, her Amended Complaint packs a pretty powerful claim -- that Randall visibly suffered from an inflamed forearm tattoo, yet these defendants were

deliberately indifferent:

> 4. Despite the discolored area around Mr. Davison's tattoo; the purplish-red skin on his arm, neck, and chest; a reddened mass on his neck; the tenderness of his chest; his complaints of pain and difficulty breathing and walking; and his numerous pleas for medical care; GSP's medical provider refused to treat Mr. Davison on multiple occasions between January 16, 2015, and January 26, 2015.
>
> 5. When Mr. Davison became critically ill on a Friday due to the infected tattoo, the Defendants left him to further deteriorate without any medical care for three full days, because the prison did not have a person authorized to make treatment decisions readily available over the weekend. No efforts were made to send Mr. Davison to a hospital emergency department or to any outside provider, even though he was clearly succumbing to a rapidly worsening infection. When Mr. Davison finally received treatment on the following Monday, his infection had progressed to severe sepsis from which he did not recover.

Doc. 14 at 2; *see also id.* at 4 ¶ 14 (alleging that Nicolou was the physician assistant responsible for Randall, was aware of his condition, but simply refused to treat him during his urgent-medical-care phase); *id.* at 4 ¶ 15 ("Sergeant Anthony was aware of Mr. Davison's need for medical care, but with deliberate indifference, prevented him from accessing medical care, at a time when [Randall's] condition required urgent medical attention.").

Those allegations no doubt will be cited to pierce the putative qualified immunity defense. *See Lancaster v. Monroe Cnty., Ala.*, 116

5

F.3d 1419, 1425 (11th Cir. 1997) (deliberate indifference can be found where an official "knows that an inmate is in serious need of medical care, but . . . fails or refuses to obtain medical treatment for the inmate."); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (an official may act with deliberate indifference by delaying the treatment of serious medical needs, providing grossly inadequate care, deciding to take an easier but less efficacious course of treatment, or providing medical care that is so cursory as to amount to no medical care); *see also McNeeley v. Wilson*, 2016 WL 1730651 at * 4 (11th Cir. May 2, 2016) (corrections officers were on notice that delaying a proper decontamination for over 20 minutes despite complaints about effects of pepper spray could result in clearly established constitutional violation, and thus officers were not entitled to qualified immunity from § 1983 deliberate indifference claim brought by inmate who was not allowed to decontaminate his person for four hours after being pepper sprayed, despite his complaints of extreme difficulty breathing, burning skin, and red eyes).

### III. CONCLUSION

The Court **GRANTS** plaintiff's motion for reconsideration, doc. 26, and **VACATES** that portion of its June 20, 2016 Order (doc. 25) granting

6

what in effect is a discovery stay. Within 21 days of the date this Order is served, the parties shall confer and in good faith present a Rule 26(f) Report. They otherwise shall litigate this case while the district judge considers the current and any renewed dismissal motion.

**SO ORDERED**, this  12th   day of July, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA