IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CINDY DAVISON,  )<br>  )<br>　　Plaintiff,  )<br>  )<br>v.  )<br>  )<br>STEPHEN NICOLOU, *et al.*,  )<br>  )<br>　　Defendants.  )<br>  ) | CIVIL ACTION<br><br>NO. 6:16-CV-39-JRH-GRS |

# RULE 26(F) REPORT

1. Date of Rule 26(f) conference:  July 22, 2016.

2. Parties or counsel who participated in conference:

   *For Plaintiff*:

   **Daniel B. Millman**

   *For Defendants Nicolou and Anthony:*

   **Roger A. Chalmers**
   **David Grossman**

3. If any defendant has yet to be served, please identify the defendant and state when service is expected.

   **All named defendants have been served or waived service.**

4. Date the Rule 26(a)(1) disclosures were made or will be made:

   **The parties have not been able to reach an agreement on what date initial disclosures will be made.**

5.  If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,

    (a)  Identify the party or parties making the objection or proposal:

    **Plaintiff proposes making initial disclosures on August 5, 2016.**

    **Defendants object to making initial disclosures at this time for the reasons stated below.**

    (b)  Specify the objection or proposal:

    *Plaintiff's Proposal*:

    **This Court's Order dated July 12, 2016, stated that the parties "*shall litigate* this case while the district judge considers the current and any renewed dismissal motion." Dkt. 30, Pg. 7 (emphasis added).  Plaintiff proposes proceeding with discovery – including making initial disclosures – without any further delays.  The parties conducted the Rule 26(f) conference on July 22, 2016.  Therefore initial disclosures are due on August 5, 2016.  Fed. R. Civ. P. 26(a)(1)(D); LR 26.1(b).**

    *Defendants' Objection*:

    **Defendants have filed a motion to dismiss the amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and also based on the defense of qualified immunity.  In connection with their motion to dismiss, Defendants have renewed their motion to stay discovery which was previously filed as ECF No. 13.  Defendants contend that, under *Mitchell v. Forsyth*, 472 U.S. 511 (1985), and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Court should resolve the motion to dismiss and rule on the immunity defenses before any further litigation in the case.  For this reason, Defendants contend that initial disclosures should not be required at this time and also that discovery should not commence at this time.**

    **Defendants note that, at the Rule 26(f) conference, counsel discussed the potential need to take the deposition to preserve the**

2

**testimony of witness Gordon Herrick who counsel for Plaintiff represented has a serious health condition that may render him unavailable for testimony at a later date.  No other immediate discovery need was identified by counsel for Plaintiff at the planning conference.  At the planning conference Defendants' counsel indicated agreement that, if needed due to health reasons, Mr. Herrick can be deposed at an early date to preserve his testimony notwithstanding a stay of the remainder of discovery.  Defendants' position is that counsel can work together to preserve this witness testimony without unnecessarily interfering with Defendants' right to have their motion to dismiss and qualified immunity defenses considered and decided by the Court before further litigation in the case.**

**Defendants propose that, in the event the Court denies the motion to dismiss in whole or in part, then within 14 days after notice of the Court's action an answer will be filed and initial disclosures will be exchanged.**

6. The Local Rules provide a 140-day period for discovery.  If any party is requesting additional time for discovery,

   (a)   Identify the party or parties requesting additional time:

   **Plaintiff requests additional time for discovery**.

   **Defendants do not oppose the request for additional time for discovery but contend as stated in paragraph 5(b) that discovery should not commence at this time.**

   (b)   State the number of months the parties are requesting for discovery:

         **40**     days.

   (c)   Identify the reason(s) for requesting additional time for discovery:

   _____       Unusually large number of parties

   _____       Unusually large number of claims or defenses

    \_\_\_\_\_    Unusually large number of witnesses

    \_\_\_\_\_    Exceptionally complex factual issues

    \_\_\_\_\_    Need for discovery outside the United States

    <u>  X  </u>    Other: **Representation of the estate of a deceased inmate.**

(d) Please provide a brief statement in support of each of the reasons identified above:

*Plaintiff's Statement*:

**It will take additional time for Plaintiff to develop the record necessary for an expert witness to review. Plaintiff is suing in her capacity as the administrator of her brother's estate. Her brother was inmate at Georgia State Prison. Therefore, there are challenges in gathering the information necessary for expert review that are not present in typical cases, including the necessity of deposing multiple eyewitnesses to Mr. Davison's symptoms prior to an expert rendering an opinion.**

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please

   (a) Identify the party or parties requesting such limits:

   **Not applicable.**

   (b) State the nature of any proposed limits:

   **Not applicable.**

8. The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or | 60 days after issue is joined |

join parties or amend pleadings

| | |
|---|---|
| Last day to furnish expert witness reports and disclosures by plaintiff | 60 days after Rule 26(f) conference |
| Last day to furnish expert witness reports and disclosures by defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party requests a modification of any of these deadlines,

(a) Identify the party or parties requesting the modification:

**Plaintiff and Defendants request modification.**

(b) State which deadline should be modified and the reason supporting the request:

**The parties propose modification of the above dates regarding expert witness reports and disclosures as follows to allow for fact discovery and assessment of the need for experts before such disclosures: last day to furnish expert witness reports and disclosures by plaintiff – 60 days after the answer is filed; last day to furnish expert witness reports and disclosures by defendants – 120 days after the answer is filed.**

9. If the case involves electronic discovery,

(a) State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

**At this time, the case is not known to require discovery of electronically stored information.**

    (b)    Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

            **The parties have not identified any issues regarding discovery of electronically stored information.**

10.    If the case is known to involve claims of privilege or protection of trial preparation material,

    (a)    State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

            **At this time, the case is not known to involve claims of privilege or protection of trial preparation material requiring an agreement.**

    (b)    Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

    (c)    Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

            **The parties have not identified any claims of privilege or protection at this time.**

11.    State any other matters the Court should include in its scheduling order:

        **The parties have not identified any other matter that the court should include in its scheduling order.**

12.    The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case.  Please state any specific problems that have created a hindrance to the settlement of the case:

This 2nd day of August, 2016.

/s/Sarah Geraghty
Gerald Weber
Georgia Bar No. 744878
Sarah Geraghty
Georgia Bar No. 291393
SOUTHERN CENTER FOR
HUMAN RIGHTS
83 Poplar Street, N.W.
Atlanta, Georgia 30303-1202
Telephone: (404) 688-1202
Facsimile: (404) 688-9440
*gweber@schr.org*
*sgeraghty@schr.org*

/s/ Daniel B. Millman
Lawrence J. Bracken II
Georgia Bar No. 073750
Jason M. Beach
Georgia Bar No. 043606
Daniel B. Millman
Georgia Bar No. 603728
HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Telephone: (404) 888-4000
Facsimile: (404) 888-4190
*lbracken@hunton.com*
*jbeach@hunton.com*
*dmillman@hunton.com*

**Attorneys for Plaintiff**

/s/ Roger A. Chalmers
Samuel S. Olens
Attorney General
Georgia Bar No. 551540
Kathleen M. Pacious
Deputy Attorney General
Georgia Bar No. 558555
Devon Orland
Senior Assistant Attorney General
Georgia Bar No. 554301
Roger A. Chalmers
Georgia Bar No. 118720
Assistant Attorney General
State Law Department
40 Capitol Square, SW
Atlanta, GA 30334
Telephone: (404) 463-8850
Fax: (404)651-5304
*rchalmers@law.ga.gov*

**Attorneys for Defendants**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of filing to all attorneys of record.

/s/ Daniel B. Millman
*Counsel for Plaintiff*