IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CINDY DAVISON, as administrator of the estate of Randall Davison,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHEN NICOLOU, *et al.*,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 6:16-CV-39-JRH-GRS |

**PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS**

Plaintiff Cindy Davison respectfully moves the Court to sanction Defendant Stephen Nicolou and putative Defendants Calvin Ball and Stacy Thrift for spoliation of evidence.[1]

As discussed in the attached brief, Defendants and their agent, the State of Georgia, had a duty to preserve sick call request forms and a segregation checklist reflecting observations of Randall Davison, who died as a result of an infection contracted at Georgia State Prison. These records could have detailed the progress of Davison's infection, the dates when his symptoms manifested, and the obviousness of his symptoms. Despite the having notice that these records would be important evidence in litigation concerning Davison's death, Defendants and the State of Georgia failed to preserve them.

The Court should therefore sanction Defendants by (1) allowing Plaintiff to offer evidence of certain hearsay statements regardless of whether the statements would otherwise be admissible; (2) barring Defendants from making certain arguments; and (3) instructing the jury

---

[1] Plaintiff moved for leave to file an amended complaint adding licensed practical nurse Calvin Ball and former correctional officer Stacy Thrift as defendants. (Doc. 73.)

1

concerning inferences that it may draw from Defendants' destruction of evidence. In particular, Plaintiff proposes the following sanctions:

1. Plaintiff should be permitted to offer evidence of the following hearsay statements regardless of whether they would otherwise be admissible:

    a. Any statements made by Randall Davison concerning his medical condition and attempts to obtain medical attention;

    b. The statements of an unknown correctional officer who told Randall Davison that she had been ordered not to allow Davison to return to the medical unit (Oates Dep. 21);

    c. The statements of an unknown medical staff member who instructed Randall Davison not to return to the medical unit because he was going down there too often (Oates Dep. 22-23, 35-37);

    d. The portions of prisoner Gordon Herrick's affidavit describing the interaction that he witnessed between Randall Davison and Stephen Nicolou on January 21 or 22, 2015 (Herrick Aff. ¶¶ 16-18);

2. Defendants should be barred from making the following arguments:

    a. That Randall Davison is at fault for his death because he failed to diligently seek medical treatment;

    b. That Randall Davison attempted to conceal his tattoo or symptoms of infection from correctional officers or medical staff;

    c. That the symptoms described in Shadaya Latimore's dormitory log entry at 5:10 p.m. on January 23, 2015, might not have existed when Randall Davison encountered Defendants earlier that day;

3. The Court should instruct jurors as follows:

    a. Randall Davison submitted sick call slips between January 20 and January 26, 2015. The sick call slips would have shown the progress of Davison's bacterial infection and the symptoms he exhibited on or before the morning of January 23, 2015. A segregation checklist also existed that would have listed any medical problems or unusual symptoms that Randall Davison exhibited on the morning of January 23, 2015.

2

      b.      The sick call forms and segregation checklist should have been retained. The documents were kept at Georgia State Prison. The segregation checklist was accessible to Defendant Thrift on January 23, 2015. The sick call forms were accessible to Defendants Nicolou and Ball until they were destroyed.

      c.      Plaintiff requested the sick call forms and segregation checklist while the documents were in existence. The documents were lost or destroyed for unknown reasons.

      d.      If the jury finds that Randall Davison was displaying the symptoms described by Shadaya Latimore, Tavis Oates, Jerry Reed, Willard White, and/or Paul Kozachyn, the jury may conclude that those symptoms were noted on the missing sick call forms and the segregation checklist.

## CONCLUSION

The Court should sanction Defendants for spoliation of evidence.[2]

---

[2] Counsel for the parties conferred in good faith in an effort to resolve this dispute.

Respectfully submitted,

/s/ Sarah Geraghty
Gerald Weber
Georgia Bar No. 744878
Sarah Geraghty
Georgia Bar No. 291393
SOUTHERN CENTER
FOR HUMAN RIGHTS
83 Poplar Street, N.W.
Atlanta, Georgia 30303-1202
Telephone: (404) 688-1202
Facsimile: (404) 688-9440
gweber@schr.org
sgeraghty@schr.org

/s/ Lawrence J. Bracken II
Lawrence J. Bracken II
Georgia Bar No. 073750
Jason M. Beach
Georgia Bar No. 043606
Daniel B. Millman
Georgia Bar No. 603728
HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Telephone: (404) 888-4000
Facsimile: (404) 888-4190
lbracken@hunton.com
jbeach@hunton.com
dmillman@hunton.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 17, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of filing to all attorneys of record.

/s/ Daniel B. Millman
*Counsel for Plaintiff*
