# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

CINDY DAVISON, as Administrator )
of the Estate of Randall Davison, )
                                        )
    Plaintiff, )
                                        )
v. ) CV616-039
                                        )
STEPHEN NICOLOU, CALVIN )
BALL, STACY THRIFT, )
                                        )
    Defendants. )

# ORDER

In this 42 U.S.C. § 1983 case arising from Randall Davison's death from an untreated bacterial infection while in custody of Georgia State Prison, plaintiff Cindy Davison, in her executory capacity, moves the Court for leave to amend the scheduling order and file an amended complaint adding Calvin Ball and Stacy Thrift as defendants and "conforming the allegations to the evidence produced in discovery." Doc. 73. Defendant opposes the request as untimely and futile. Docs. 85 & 87. According to defendant, plaintiff has had all the information she needed to name these defendants since December 2016, when she received his discovery responses naming Ball and Thrift. Moreover, she has known about their roles in Randall's demise -- "which do not

amount to deliberate indifference" -- since their depositions in February and April, two months before filing this motion. Doc. 87 at 3-4. Plaintiff responds that "the full facts underlying Ball and Thrift's liability did not begin to come to light until at least Thrift's deposition" in April 2017, and that she timely moved for amendment once she believed she had reason to do so. Doc. 91 at 6.

Motions to amend are governed by Federal Rule of Civil of Procedure 15, and courts generally freely grant leave when necessary. However, the Court has discretion to deny leave when appropriate. *See Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006). And when a motion to amend is filed outside the deadline set by the Court's scheduling order, the moving party must demonstrate good cause to amend the scheduling order. Fed. R. Civ. P. 16. "The good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

To determine good cause this Court "looks to whether the evidence supporting the proposed amendment would not have been discovered in

the exercise of reasonable diligence until after the amendment deadline had passed." *Stonecrest Partners, LLC v. Bank of Hampton Road*s, 770 F. Supp. 2d 778, 784 (E.D.N.C. 2011); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent.").

Here, the Court ordered the parties to make all amendments to pleadings no later than September 11, 2016 (doc. 42), and plaintiff filed her request nine months later. Doc. 73 (filed June 20, 2017). She explains that she could not have amended her Complaint earlier, because she did not discover Ball's and Thrift's roles until Thrift's April 2017 deposition. Doc. 91 at 6. And defendant concedes that plaintiff would have learned about facts warranting amendment, at the earliest, only *after* the deadline to amend had already expired. *See* doc. 87 at 3-4 (arguing plaintiff would have known about Ball and Thrift through his December 2016 discovery responses -- produced two months after the deadline passed). This is enough to show that despite her diligence, plaintiff could not have moved to amend before the deadline had passed.

Since plaintiff meets the good cause standard under Rule 16(b), the Court next examines whether "the substance of the amendment

3

meets the requirements of Rule 15(a)(2)." *Peeples v. Custom Pine Straw, Inc.* 2015 WL 8675136 at *2 (S.D. Ga. Dec. 11, 2015). The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Nevertheless, a motion for leave to amend may appropriately be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Because of the brevity of defendant's opposition (docs. 85 & 87 together devote approximately two pages to opposing the motion), the Court is unable to determine precisely why he believes amendment should be denied. He states that Ball and Thrift were not deliberately indifferent to Randall's serious medical needs (doc. 87 at 4), such that amendment would be futile, but does not offer any argument or even a

4

single citation to any record to demonstrate it. *See* docs. 85 & 87. He contends that both Ball and Thrift would be prejudiced by being added to the Complaint so late in the game (doc. 87 at 4), but does not dispute that both were represented at their depositions by defense counsel (attorneys from the Georgia Department of Law), who would continue their defense if added to the Complaint.

As to the timeliness of the request, the Court cannot conclude that plaintiff failed to diligently run down the evidence needed to determine whether naming another defendant was necessary or whether further factual allegations were appropriate to buttress the Complaint as they were discovered. Indeed, aside from setting forth the chronology of events (the deadlines in the Scheduling order and the dates of his discovery responses and their depositions), defendant does not argue that plaintiff was anything less than diligent. *See* docs. 85 & 87. Plaintiff's motion is, in substance, unopposed.

Plaintiffs' motion to file an Amended Complaint is therefore **GRANTED**. As amendment necessarily impacts certain deadlines (both pending and expired) set forth in the Scheduling Order, the parties are **ORDERED** to meet and confer and within 14 days of this Order submit

5

a proposed joint Amended Scheduling Order.

**SO ORDERED,** this  29th  day of August, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA