**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

CINDY DAVISON, as Administrator   *
of the Estate of Randall         *
Davison,                        *
                               *
     Plaintiff,           *
                               *
       v.                *        CV 616-039
                               *
STEPHEN NICOLOU, P.A.; CALVIN   *
BALL; and STACY THRIFT,      *
                               *
     Defendants.         *

---

**O R D E R**

---

Before the Court is Defendant Stephen Nicolou's ("Nicolou")
objection to the Magistrate Judge's August 29, 2017 Orders
granting Plaintiff's motion to amend the scheduling order and
file an amended complaint; and granting in part and denying in
part Plaintiff's motion for spoliation sanctions. (Doc. 105.)
For the following reasons, the Court **OVERRULES** Nicolou's
Objection.

## I. BACKGROUND

This action arises out of the death of Randall Davison
("Decedent"), an inmate who died from an untreated infection
while in the custody of Georgia State Prison ("GSP"). Plaintiff
Cindy Davison – as Administrator of the Estate of Randall

Davison - claims that Davison's death was due to the deliberate indifference of several GSP officials, including Nicolou.

## A. Plaintiff's Motion to Amend

According to the scheduling order, the parties were required to file any amended pleadings by September 11, 2016. (Doc. 42.) On June 20, 2017, almost nine months after the deadline had passed, however, Plaintiff filed an amended complaint adding nurse Calvin Ball ("Ball") and Officer Stacey Thrift ("Thrift") as defendants and "conforming the allegations [of the complaint] to the evidence produced in discovery." (Doc. 99.) Plaintiff argued that despite exercising reasonable diligence, the evidence supporting the new allegations was not made available to Plaintiff until April 2017.[1] Nicolou opposed Plaintiff's motion arguing that it would be unfair to add Ball and Thrift as defendants at such a late stage in the litigation; and that Plaintiff had evidence to support these allegations as early as December 2016. (Doc. 87, at 4.)

On August 29, 2017, Plaintiff's motion was granted. The Magistrate Judge reasoned that, even if the evidence was made available as early as December 2016, the disclosure was still two months after the deadline for filing an amended complaint. Because Plaintiff had shown that the evidence could not have

---

[1] The undisclosed evidence included a medical unit logbook, disclosed on February 7, 2017; and the depositions of Ball and Thrift, which took place on February 9 and April 4, respectively. (Docs. 79-3, 80-3.)

been discovered before the amendment deadline passed, there was good cause to modify the scheduling order. (Doc. 99 at 3.) Additionally, the prejudice Ball and Thrift suffered was negligible. (Id. at 5.) Ball and Thrift were represented during their depositions by the Georgia Department of Law ("GDL"), which has represented Nicolou throughout this case and would represent Ball and Thrift if Plaintiff was allowed to proceed with her amended complaint. (Id. at 5.)

## B. Plaintiff's Spoliation Motion

In a separate motion, Plaintiff asked the Court to impose spoliation sanctions against Nicolou. (Doc. 79.) On March 26, 2015, approximately one month after Decedent's death, Plaintiff's counsel mailed a litigation hold to the Georgia Department of Corrections ("GDOC"). (Doc. 79, Ex. 10.) Despite receiving this notice, GDOC officials subsequently destroyed the sick call requests Decedent wrote in January 2015. (Id., Ex. 18.) This was done pursuant to the GDOC's record retention policy, which provides that sick call requests are retained for six months before being destroyed. (Id., Ex. 13.) Nicolou opposed sanctions arguing that he did not have control over the lost documents; that Plaintiff needed to pursue her dispute with the actual custodian of record, the GDOC; and that the records were not destroyed in bad faith. (Doc. 85, at 1-6.)

3

On August 29, 2017, Plaintiff's motion was granted in part and denied in part. The Magistrate Judge reasoned that the State of Georgia, of which the GDOC is an agency, indemnifies corrections employees and funds the cost of any litigation that arises within scope of their employment. (Doc. 99, at 9 n.4.) Accordingly, while Nicolou did not personally destroy the documents, the GDOC's misconduct could be fairly imputed to him. (Id. (citing Cordero v. Guzman, 2017 WL 2610063, at *3 (E.D. Cal. June 16, 2017); Ramos v. Swatzell, 2017 WL 2857523, at *6 n.1 (C.D. Cal. June 5, 2017)).) Nevertheless, the Magistrate Judge limited the sanction to allowing Plaintiff to admit "any hearsay statements made by [Decedent] specifically referring to the contents, submission, and medical unit's response to [the sick calls]." (Id. at 13.)

## II. LEGAL STANDARD

A district court must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). Yet the district court may modify or set aside an order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also FED. R. CIV. P. 72(a). "Clear error is a highly deferential standard of review. As the

4

Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted). "A decision by the magistrate judge is contrary to law where it fails to follow or misapplies the applicable law." Jackson v. Deen, 2013 WL 3963889, at *3 (S.D. Ga. July 25, 2013) (citation omitted).

## III.  DISCUSSION

After reviewing the record, the Court concludes that Nicolou has failed to demonstrate that the Magistrate Judge's Orders were clearly erroneous or contrary to law. Although Plaintiff's motion to amend was made long after the deadline for filing an amended pleading, much of that delay was caused by Nicolou's refusal to engage in prompt discovery.[2] The Court also agrees that harm done to Ball and Thrift is mitigated by their being represented by the GDL, which has been counsel to Nicolou throughout this case.[3]

---

[2] For example, Plaintiff claims that Nicolou refused to serve his initial disclosures until October 20, 2016 - more than seventy-five days after the deadline for initial disclosures. (Doc. 51-1.)
[3] Nicolou's objection does not allege that Ball and Thrift had interests that were potentially adverse to Nicolou.

The Magistrate Judge's spoliation sanction also has legal and factual support. Nicolou contends that he cannot be held responsible for the destruction of documents over which he did not exercise control. The court in Muhammad v. Mathena, 2016 WL 8116155 (W.D. Va. Dec. 12, 2016) adopted by 2017 WL 395225 (W.D. Va. Jan. 27, 2017), however, addressed this issue and came to the opposite conclusion. The court first acknowledged that imputing fault to one party for another party's spoliation is usually analyzed under agency law. Nevertheless, the court ultimately concluded that requiring a conventional agency relationship "would present a dilemma in the context of prison litigation . . . where the responsibility for preserving evidence may be spread out among multiple officials within an institution and where the institutions themselves are typically immune from suit." Id. at *7. This reasoning is persuasive. Because Nicolou is indemnified for any legal expenses, imputing the GDOC's spoliation to Nicolou is appropriate.

Nicolou also maintains that there was no evidence of bad faith to justify sanctions. In the Eleventh Circuit, "an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith." Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997). Nevertheless, bad faith does not require a showing of malice. Flury v. Daimler Chrysler Corp., 427 F.3d 939, 946

6

(11th Cir. 2005).  Instead, courts weigh the culpability of the spoliator against the prejudice done to the opposing party.  Id. Here, regarding the GDOC's culpability, although the destruction was unintentional, the sick calls were destroyed after the GDOC had received a litigation hold.  With respect to prejudice, Nicolou's subjective knowledge about Plaintiff's infection is uncertain and material to Plaintiff's case.  (See Doc. 111 (finding that Nicolou's subjective knowledge rests on one meeting that lasted seconds).)  Decedent's sick calls may have contained crucial evidence and Plaintiff was prejudiced by their destruction.  Therefore, the GDOC's misconduct coupled with the prejudice it caused to Plaintiff is sufficient evidence of bad faith to support sanctions against Nicolou.

## IV. CONCLUSION

The record shows that Nicolou was not enthusiastically forthcoming throughout the discovery process.  Allowing Plaintiff to amend her complaint to add Ball and Thrift was not clearly erroneous or contrary to law.  Moreover, imputing spoliation caused by the GDOC to Nicolou was fair considering the GDOC's promise to bear the cost of any legal expense and liability.  Considering the GDOC's flagrant failure to abide by its duty to preserve documents set forth in the litigation hold

along with the prejudice to Plaintiff, there is sufficient evidence of bad faith to support the limited sanctions imposed by the Magistrate Judge.

Therefore, upon the foregoing and due consideration, Nicolou's objection to the Magistrate Judge's Orders (doc. 105) is **OVERRULED**.

**ORDER ENTERED** at Augusta, Georgia this _11th_ day of _June_, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA